IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION

FILED

January 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
            APPELLEE,        )
                             )          No. 02-C-01-9612-CC-00473
                             )
                             )          Dyer County
v.                           )
                             )          Joe G. Riley, Judge
                             )
                             )          (Sentencing)
                             )
CYNTHIA LYNN MANCELL,        )
                             )
            APPELLANT.       )


FOR THE APPELLANT:                    FOR THE APPELLEE:

G. Stephen Davis                      John Knox Walkup
District Public Defender              Attorney General & Reporter
208 North Mill Avenue                 500 Charlotte Avenue
Dyersburg, TN 38025-0742              Nashville, TN 37243-0497

                                      Janis L. Turner
                                      Assistant Attorney General
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      C. Phillip Bivens
                                      District Attorney General
                                      P.O. Box Drawer E
                                      Dyersburg, TN 38024


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# OPINION

The appellant, Cynthia Lynn Mancell (defendant), was convicted of possessing marijuana over .5 ounces with intent to sell, a Class E felony, following her plea to the offense. There was no plea agreement regarding punishment. The trial court conducted a sentencing hearing, found the defendant to be a standard offender, and sentenced the defendant to serve ninety (90) days in the Dyer County Jail and serve two (2) years pursuant to the Community Corrections Act. Tenn. Code Ann. § 40-36-101, et. seq. In this court, the defendant contends her sentence is excessive. She argues the trial court should have permitted her to serve the entire sentence pursuant to the Community Corrections Act. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

Dyersburg police officers obtained a search warrant authorizing the search of the defendant's residence. While executing the warrant, officers seized 140 grams of marijuana. The defendant admitted she sold three ounces of marijuana before she was arrested by the officers. The officers overlooked an additional pound of marijuana located in the freezer compartment of the defendant's refrigerator. She subsequently told officers about the pound of marijuana after she had burned it. The defendant claimed she burned the marijuana because she thought she would be required to serve a lengthy sentence in the Department of Correction due to the quantity of marijuana she possessed. An officer testified he had information the defendant had sold the pound of marijuana.

An officer testified there was "a very large drug problem in Dyer County." He opined trafficking in marijuana had increased, stating "its increasing. It's getting more and more marijuana now than it was recently." The officer classified the marijuana possessed by the defendant as "a sizeable quantity," which indicated the defendant was trafficking in this substance.

The defendant is married and the mother of three children. The defendant cares for her mother-in-law, who suffers from diabetes, blindness, and a mental impairment. She takes care of her niece and nephew. One of these children is handicapped. The

2

defendant's brother and sister-in-law live with the defendant. The defendant's husband and brother are both long distance truck drivers. They are away from home several days each week.

The defendant was 34 years of age when she was sentenced. She admitted to trafficking in marijuana. According to the defendant, her husband had surgery for a work-related injury and had not worked for eight months. She was working to support the family -- all ten people who lived with her. She became ill and her employer terminated her when her place of employment closed. Her income was $134 per week. She said she sold marijuana to help support the family.

The defendant used a $1,000 federal income tax overpayment check to purchase one and one-half pounds of marijuana. She claimed she was a user of marijuana, and her supplier, who knew about her financial problems, offered to sell her the marijuana so she could generate income to support her family. The defendant testified she continued to use marijuana as a substitute for "nerve medication."

The trial court found four mitigating factors. The factors included (a) her conduct did not cause or threaten serious bodily injury, Tenn. Code Ann. § 40-35-113(1), (b) her criminal conduct related to providing necessaries for her family, Tenn. Code Ann. § 40-35-113(7), (c) she entered a plea of guilty, Tenn. Code Ann. § 40-35-113(13), and (d) she had not been convicted of a felony. Tenn. Code Ann. § 40-35-113(13). The court found two enhancement factors: (a) she has a history of both criminal convictions and criminal conduct, Tenn. Code Ann. § 40-35-114(1), and (b) she has a history of unwillingness to comply with conditions of release into the community, Tenn. Code Ann. § 40-35-114(8). The defendant does not challenge either the mitigating factors or the enhancement factors found by the trial court.

Several reasons were advanced for requiring the defendant to serve a portion of her sentence. First, the defendant had several convictions and several admitted acts of criminal conduct. Tenn. Code Ann. § 40-35-103(1)(A). Second, confinement was necessary to avoid depreciating the seriousness of the offense committed by the defendant. Tenn. Code Ann. § 40-35-103(1)(B). Third, there was a need for general deterrence regarding the selling of illicit narcotics in Dyer County. Tenn. Code Ann. § 40-

3

35-103(1)(B). Fourth, less restrictive measures in the past proved to have been unsuccessful in reforming the defendant's conduct. Tenn. Code Ann. § 40-35-103(1)(C).

When the defendant challenges the manner in which the sentence is to be served, it is the duty of this court to conduct a de novo review of the record with a presumption the factual determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997 Repl.). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a de novo review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), per. app. denied (Tenn. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentences are erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401; Ashby, 823 S.W.2d at 169; Butler, 900 S.W.2d at 311. In this case, the defendant has the burden of illustrating the sentences imposed by the trial court are erroneous.

The defendant contends this court's de novo review should be conducted without a presumption of correctness because the trial court failed to verbalize the presumption that a person who commits an Class E felony, as the defendant in this case, is presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (1997 Repl.). Of course, this presumption may be rebutted by evidence which establishes the defendant is not a favorable candidate for alternative sentencing. Id. Nevertheless, this court is of the opinion a presumption of correctness should accompany the de novo review in this case.

While the trial court did not specifically mention the presumption of fitness for alternative sentencing, it is clear on the face of the record the trial court honored the

4

presumption by granting the defendant an alternative sentence, albeit a sentence involving split confinement. The presumption does not equate to the suspension of the entire sentence imposed by a trial court or the serving of the entire sentence pursuant to the Community Corrections Act. In the context of this case, the State of Tennessee successfully rebutted the presumption in favor of an alternative sentence. The defendant was indeed fortunate the trial court tempered mercy with justice by sentencing her to serve only ninety (90) days in confinement with the service of two (2) years pursuant to the Act.

In this case, the trial court did not abuse its discretion by requiring the defendant to serve ninety (90) days in the Dyer County Jail. The record supports the trial court's findings regarding the mitigating and enhancing factors. The court's findings as to why the defendant should serve some time in confinement are likewise supported by the record.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
CURWOOD WITT, JUDGE